ROSE SANDERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sanders v. Commissioner
Docket No. 27352-83.
United States Tax Court
T.C. Memo 1986-26; 1986 Tax Ct. Memo LEXIS 582; 51 T.C.M. (CCH) 317; T.C.M. (RIA) 86026; January 22, 1986. Joyce Rebhun, for the petitioner. Howard Rosenblatt, for the *583 respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a) [1]
Sec. 6654(a)
1980
$3,283.57
$27.43
1981
4,933.00
246.65
$472.07
The deficiencies resulted from respondent's determination that petitioner had failed to report community income attributable to her husband, a tax protester who failed to file returns for the years in issue. Petitioner contends that she and her then husband had agreed that such earnings would be separate property. FINDINGS OF FACT Petitioner was a resident of Phoenix, Arizona, at the time she filed her petition herein. She timely filed individual income tax returns for 1980 and 1981, reporting her earnings and indicating a filing status of married filing separate return. During 1980 and 1981, petitioner was married to Darrel Sanders (Sanders), and she and Sanders resided in Arizona. Petitioner earned $15,445 *584 in 1980 and $15,245 in 1981. Sanders earned $32,256 during 1980 and $39,514 in 1981. Neither petitioner nor Sanders reported his earnings on any tax return. During the years in issue, petitioner and Sanders maintained a joint bank account into which they deposited some or all of their earnings and out of which they paid community expenses and obligations owed by Sanders to his former wife. Sanders did not otherwise advise petitioner of the amount of his earnings during the years in issue. Petitioner knew that Sanders was employed and that he was not filing tax returns, but petitioner did not know the amount of Sanders' earnings. At the time she filed her tax returns for 1980 and 1981, petitioner sought advice from her preparer, from the Internal Revenue Service, and from the State of Arizona as to the proper means of filing her tax return. She was advised to write a note on her tax return disclosing the situation. On her Federal income tax return for 1981, petitioner included a note as follows: t/p unable to report Community Property Income. t/p is reporting only her income and related expenses -- t/p has no knowledge of Husband's income -- S.S. etc. 3-5-82 [signed] *585 Rosemary Sanders Respondent determined that one-half of petitioner's earnings reported on her returns was attributable to Sanders and that one-half of Sanders' earnings was attributable to petitioner during the years in issue. OPINION This case illustrates the unfortunate and unintended consequences of the folly of tax protest. Although petitioner attempted to comply with her tax obligations, her marriage to a protester and their residence in a community property state have subjected her to the consequences of his noncompliance. Because no joint returns were filed for the years in issue, petitioner is denied the potential benefits of joint return rates. See sections 1(a) and (d). At the same time, because petitioner knew of Sanders' receipt of income from his employment, she does not qualify for relief as an "innocent spouse." Section 66(c)(3). The principles applicable to this case were stated in Beall v. Commissioner,82 T.C. 70, 71-73 (1984), as follows: Arizona law provides that the earnings of either spouse are community property, and each spouse has an equal one-half interest in those earnings. Ariz. Rev. Stat. Ann. sec. 25-211 *586 (West 1976); Goodell v. Koch,282 U.S. 118 (1930). A married person is taxable on the earnings of his or her spouse to the extent that he or she has a vested ownership interest in the spouse's earnings. United States v. Mitchell,403 U.S. 190, 196-197 (1971); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. an unreported decision of this Court. Arizona law permits spouses to enter into an agreement whereby subsequent earnings of either spouse will remain the separate property of the spouse earning the income, and such agreement, if valid under Arizona law, will be recognized for tax purposes. Shoenhair v. Commissioner,45 B.T.A. 576 (1941); Naegle v. Commissioner,T.C. Memo. 1965-212, affd. on another issue 378 F.2d 397 (9th Cir. 1967). The burden of proving such a valid agreement, however, is on petitioner. Rule 142(a), Tax Court Rules of Practice and Procedure.
* * * The law requiring petitioner to report as income her share of her husband's earnings is well established and applied even where the result seems inequitable. See United States v. Mitchell,supra; *587 Brent v. Commissioner,630 F.2d 356 (5th Cir. 1980); Bagur v. Commissioner,603 F.2d 491 (5th Cir. 1979). * * * Petitioner contends that the arrangements between her and Sanders during the years in issue constituted an agreement to transmute their earnings into separate property. This contention, however, is inconsistent with the contemporaneous statement contained on petitioner's 1981 tax return. Her prior good faith efforts to report his income as community income on her returns unfortunately undermine her present contention that they had agreed prior to their marriage that such income was not community property. In any event, her present argument is not supported by the evidence. Petitioner and Sanders testified that each of them contributed $80 per month to the joint bank account, which was used to pay community expenses and separate obligations of Sanders. [2] Both had been married before and approached the second marriage with caution. Each testified that Sanders did not pay income taxes and that he refused to provide information to petitioner with respect to his earnings. Neither, however, provided any specifics of an alleged premarital *588 agreement that the earnings would be separate property. It appears that such alleged agreement is an afterthought for purposes of this case. Petitioner has failed to carry her burden of proving that the earnings were not community property. See Beall v. Commissioner,supra;Kroloff v. United States,487 F.2d 334, 336 (9th Cir. 1973); Barr v. Petzhold,77 Ariz. 399, 273 P.2d 161 (1954); Porter v. Porter,67 Ariz. 273, 279, 195 P.2d 132, 136 (1948). Petitioner made a bona fide attempt to comply with her obligation to report her share of her husband's earnings. Under the circumstances of this case we conclude that her failure to report her share of those earnings was not due to negligence or intentional disregard of rules and regulations. The additions to tax under section 6653(a) are not sustained. The addition to tax under section 6654(a) for failure *589 to pay estimated tax, however, is mandatory absent exceptions not here applicable. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980). Decision will be entered for the respondent for the amounts of the deficiencies and addition to tax under section 6654(a) only.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. It is ironic that her earnings, which were less than half of his, contributed more toward support of the community. Under these circumstances, it is doubtful that a Court would determine that his earnings were separate property to which she had no claim.↩